UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
Case No. 1:21-cv-00151-GNS
*Electronically Filed*

| | |
|---|---|
| **JASON JONES** ) <br> 102 Azalea Court ) <br> Clarksville, Tennessee 37042 ) <br> ) <br> **Plaintiff** ) <br> vs. ) <br> ) <br> **FLUOR FACILTY & PLANT** ) <br> **SERVICES, INC.** ) <br> 100 Fluor Daniel Drive ) <br> Greenville, SC 29607 ) <br> ) <br> **Serve: Corporation Service Company** ) <br> 421 W Main St., ) <br> Frankfort, KY 40601 ) <br> ) <br> **Defendant** ) | CIVIL ACTION NO. 1:21-cv-00151-GNS <br><br><br><br><br> JUDGE Chief Judge Greg N. Stivers <br><br> **COMPLAINT WITH JURY DEMAND** |

**COMPLAINT AND JURY DEMAND**

Come now the Plaintiff, Jason Jones, by and through counsel, and for his Complaint against Defendant, states as follows:

**PARTIES AND JURISDICTION**

1. At all times relevant hereto Plaintiff, Jason Jones, was a resident and citizen of Montgomery County, Tennessee.

2. At all times relevant hereto, Defendant, Fluor Facility and Plant Services, Inc., ("Fluor") was a Kentucky Foreign Corporation, with its principal office at 100 Fluor Daniel Drive, Greenville, SC 29607. Fluor conducts business in Kentucky through its office at 6920 Lewisburg Rd, Russellville, KY 42276 in Logan County, Kentucky. Fluor was at all times

mentioned herein an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and KRS § 344, et seq.

3. Plaintiff was employed by Defendant in Logan County, Kentucky, and the employment practices complained of herein all occurred in Logan County, Kentucky.

4. Subject matter jurisdiction exists in this Court under 42 U.S.C. §2000, 28 U.S.C §1331, and 28 USC §1367 and other applicable laws.

5. The amount in controversy exceeds the minimum jurisdictional amount to establish Diversity of Citizenship jurisdiction.

6. This Complaint has been filed within the statute of limitations period established for the claims arising herein.

7. Original jurisdiction is appropriate in this Court based upon diversity of citizenship jurisdiction.

8. Venue in the Western District of Kentucky is appropriate pursuant to 28 U.S.C. §1391 in that a substantial part of the events giving rise to the claim occurred within this district.

## ADMINISTRATIVE REQUIREMENTS

9. Within 300 days of the conduct set forth below, Plaintiff filed a charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission, Charge No. 474-2021-00580 against Fluor alleging discrimination on the basis of his race and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

10. On or about August 17, 2021, the EEOC issued a Right to Sue letter to Plaintiff.

11. Plaintiff received his RTS from the EEOC in accordance with 42 U.S.C. §2000e5(f)(1).

12. Plaintiff has filed the instant action within 90 days of his receipt of the RTS.

13. Plaintiff has exhausted his administrative requirements pursuant to 29 C.F.R. §1614.407(b).

## FACTS RELEVANT TO ALL CLAIMS

14. Plaintiff is an African American male.

15. Plaintiff was hired by Defendant to work on the maintenance team at the Logan Aluminum plant in or around late-May 2020.

16. Plaintiff is the only current African-American employee at Fluor's operation at Logan Aluminum.

17. On numerous occasions during his employment with Defendant, Plaintiff was subjected to constant racially discriminatory comments and treatment. This includes but is not limited to: the use of racial slurs directed at Plaintiff by white co-workers, co-workers making racist jokes, co-workers making comments about Plaintiff's skin color, and co-workers using demeaning and racist stereotypes.

18. On at least one occasion in or around November 2020, Plaintiffs' white co-workers asked management if they could use racial slurs and stated that it was a part of their vocabulary and that Plaintiff needed to accept them using racial slurs.

19. Plaintiff has reported race discrimination to management on multiple occasions. This includes, but is not limited to: contacting Human Resources on several occasions since the start of his employment, submitting a written complaint to management in or around March, 2021, and discussing his complaints with Art Riley, Dawn Gallegos, Casey Craig, and Mark Thornberry on multiple occasions.

20. Plaintiff's manager, Mark Thornberry, also submitted a written statement confirming the race discrimination Plaintiff was experiencing.

21. Despite his well-documented complaints, Defendant has taken no remedial action.

22. Since his first complaint of race discrimination, Plaintiff has been subjected to constant retaliation by management and co-workers. For example, Plaintiff is intentionally isolated by his co-workers, even in job-related tasks. Also, Plaintiff was scolded by Human Resources about why he was reporting discrimination. Despite knowledge of Plaintiffs complaints of race discrimination and retaliation, Defendant has taken no remedial action to protect Plaintiff from further retaliation.

23. As a direct result of Defendant's acts or failures to act stated herein, Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to pain and suffering, emotional distress, and mental anxiety for which he is entitled to compensation.

## COUNT I
## RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

24. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

25. The actions described herein created a racially hostile and racially discriminatory work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, and KRS § 344, et seq.

26. As a direct and proximate result of Plaintiff's conduct described herein, Plaintiff has suffered mental and emotional distress, for which he should receive compensatory and punitive damages as well as his reasonable attorney fees and costs.

## COUNT II

## RETALIATION

27. Plaintiff herein incorporates by reference all allegations previously set forth in this Complaint, the same as if set forth verbatim herein.

28. Once Plaintiff complained of the illegal hostile work environment, Defendant took numerous retaliatory acts against Plaintiff.

29. As a direct and proximate result of Defendant's conduct herein, Plaintiff has suffered a loss of income and benefits, severe emotional distress and mental anxiety, all for which he should be compensated.

**WHEREFORE,** the Plaintiff, Jason Jones, demands judgment against the Defendant as follows:

A. For all compensatory, emotional distress, and punitive damages with respect to statutory claims in an amount being just;

B. For an award of reasonable costs and attorney fees; and

C. For any and all other equitable and legal relief to which Plaintiff appears entitled.

Respectfully submitted,

s/ Anthony J. Bucher
Anthony J. Bucher (KBA #87126)
GATLIN VOELKER, PLLC
50 E. Rivercenter Blvd., Ste. #1275
Covington, Kentucky 41011
(859) 781-9100
tbucher@gatlinvoelker.com

## JURY DEMAND

Plaintiff herein demands a trial by jury.

/s/ Anthony J. Bucher
Anthony J. Bucher